UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRY KELLY | CIVIL ACTION |
| VERSUS | NO. 25-392 |
| UNITED STATES OF AMERICA | SECTION "R" (2) |

### ORDER AND REASONS

Before the Court is the unopposed motion of defendant United Stated of America for judgment on the pleadings on its third-party complaint against the Hertz Corporation (Hertz).[1] For the following reasons, the Court grants the motion and enters judgment on the pleadings in the United States' favor.

### I.   BACKGROUND

This case arises out of a two-car accident that occurred in Tangipahoa Parish on September 24, 2021, between Terry Kelly and Webster Shipley, an Army Corps employee acting in the scope of his federal employment at the time.[2] Kelly alleges that he submitted a formal complaint to the U.S. Army Corps of Engineers (Army Corps) on November 30, 2022.[3] The Army Corps

---

[1]   R. Doc. 20.
[2]   R. Doc. 1.
[3]   *Id.*

1

allegedly formally acknowledged the receipt of the administrative claim on December 22, 2022.[4] The complaint alleges that on August 30, 2023, Kelly received a letter from the Army Corps acknowledging that the claim had been transferred to the Memphis District for adjudication.[5] Kelly has not yet received a formal response to the administrative claim and asserts that he had satisfactorily exhausted his administrative remedies.[6]

Kelly sued the United States in this Court on February 26, 2025 under the Federal Torts Claim Act.[7] The United States responded on May 27, 2025, and asserted a Third-Party Complaint against Hertz.[8] The United States asserts that at the time of the accident, Shipley was driving a rental car from Hertz, who was a party to a rental-car agreement with the United States.[9]

This agreement, which Hertz acknowledges, provides that:

> [Hertz] will maintain in force, at its sole cost, insurance coverage or a duly qualified self-insurance program which will protect the U.S. Government and its employees against liability for personal injury, death, and property damage arising from the use of the vehicle. The personal injury/wrongful death limits will be $100,000 for each person for each accident or event, $300,000 for all persons in each such accident or event, and property damage limits of $25,000 for each such occurrence.[10]

---

[4] *Id.*
[5] *Id.* at 2.
[6] *Id.*
[7] R. Doc. 1.
[8] R. Doc. 13.
[9] R. Doc. 13, at 6.
[10] R. Doc. 13 at p. 6 (quoting Agreement at ¶ 18.a).

The United States now moves for judgment on the pleadings under Rule 12(c) to establish its right to contractual indemnity from Hertz up to the limit of $100,000.[11]  Hertz did not oppose the motion.

The Court considers the motion below.

## II.    LEGAL STANDARD

"Judgment on the pleadings is appropriate only if material facts are not in dispute and questions of law are all that remain."  *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998) (citation omitted).  "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).  In deciding a 12(c) motion, the court must determine whether the complaint, viewed in the light most favorable to the plaintiff, states a valid claim for relief.  *Id.*  At this stage, the Court "accepts all well-pleaded facts as true."  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

In ruling on a 12(c) motion, the Court must look only to the pleadings, *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002), and exhibits attached to the pleadings, *see Waller v. Hanlon*, 922

---

[11]    R. Doc. 20.

F.3d 590, 600 (5th Cir. 2019); *Voest-Alpine Trading*, 142 F.3d at 891 n.4. "If, on a motion under 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 21(d). But uncontested documents referred to in the pleadings may be considered by the Court without converting the motion into one for summary judgment, if the documents are "referred to in the complaint and are central to the plaintiff's claim." *See Allen v. Hays*, 812 F. App'x 185, 189 (5th Cir. 2020) (quoting *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010)).

**III.  DISCUSSION**

The Court finds that the United States is entitled to judgment on the pleadings. Judgment on the pleadings is appropriate only if the material facts are not in dispute and the remaining questions are questions of law. *Voest-Alpine Trading,* 142 F.3d at 891.

Here, the material facts as to the agreement between the United States and Hertz are not in dispute. Hertz incorporated in full the agreement into its Answer to the Third-Party Demand and admits that "any indemnification provided to the United States by Hertz is limited to the terms of the

4

Agreement."[12]  The agreement is an uncontested document, central to the United States' claims as a third-party plaintiff, and referred to in the pleadings.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002).  This Court may thus consider the agreement without converting the motion to one for summary judgment.  *Id.*

The agreement states that Hertz will "at its sole cost" maintain "insurance coverage or a duly-qualified self-insurance program which will protect the U.S. Government and its employees against liability for personal injury, death, and property damage arising from the use of the vehicle"[13] up to $100,000 for each person for each accident or event.[14]  The language clearly establishes Hertz's responsibility to indemnify the United States in personal injury cases arising from the use of a Hertz vehicle up to the limit of $100,000.

Here, there is no genuine dispute of fact or law.  The Court finds that Hertz is liable to indemnify the United States up to the contractual limit of $100,000.

---

[12]   R. Doc. 13, at 5.
[13]   R. Doc. 20-3, at 7.
[14]   *Id.*

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the United States' motion for judgment on the pleadings and finds that Hertz is liable to indemnify the United States up to the contractual limit of $100,000.[15]

New Orleans, Louisiana, this 17th day of September, 2025.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[15] R. Doc. 20.