UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TERRY KELLY                                              CIVIL ACTION

VERSUS                                                   NO. 25-392

UNITED STATES OF AMERICA                                 SECTION "R" (2)

## ORDER AND REASONS

Before the Court is defendant United States of America's unopposed motion for partial summary judgment on damages. For the following reasons, the Court grants the motion for partial summary judgment.

### I.   BACKGROUND

The undisputed facts are as follows. A two-car accident occurred in Tangipahoa Parish on September 24, 2021, between Terry Kelly and Webster Shipley, an Army Corps employee acting in the scope of his federal employment.[1] Kelly submitted a formal complaint to the U.S. Army Corps of Engineers (Army Corps) on November 30, 2022, seeking $75,000 in personal-injury damages, listing numerous known injuries including "cervical herniation/annular fissure, multiple cervical disc bulges, lumbar bulge, and multilevel hypertrophic changes resulting in narrowing of lumbar

---

[1] R. Doc. 1.

1

foramina."[2]  The Army Corps formally acknowledged the receipt of the administrative claim on December 22, 2022.[3]  On August 30, 2023, Kelly received a letter from the Army Corps acknowledging that the claim had been transferred to the Memphis District for adjudication.[4]  Kelly has not yet received a formal response to the administrative claim and asserts that he had satisfactorily exhausted his administrative remedies.[5]

Kelly sued the United States in this Court on February 26, 2025, under the Federal Tort Claims Act (FTCA), seeking damages not to exceed $75,000.[6]  The United States now moves for partial summary judgment on damages, seeking to limit Kelly's recovery to $75,000.[7] Kelly did not oppose this motion.

The Court considers the motion below.

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also *Celotex Corp. v.*

---

[2]    R. Doc. 22-4, at 2.
[3]    *Id.*
[4]    *Id.* at 2.
[5]    *Id.*
[6]    R. Doc. 1.
[7]    R. Doc. 22.

*Catrett*, 477 U.S. 317, 322-23 (1986). The Court considers the evidence in the record without making credibility determinations or weighing the evidence. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party. *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985). If the record could not lead a rational trier of fact to find for the nonmoving party, there is no genuine dispute of material fact. *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

In the Fifth Circuit, a district court may not grant a "default" summary judgment on the ground that it is unopposed. *Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases). Even in the context of unopposed motions for summary judgment, the movant must still show that there is no genuine issue of material fact, and that it is entitled to summary judgment as a matter of law. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 363 n.3 (5th Cir. 1995). When a motion for summary judgment is unopposed, a court may accept the movant's evidence as undisputed. *Morgan*, 114 F. Supp. 3d at 437. Nevertheless, if the moving party fails to meet its burden, the Court must deny its motion for summary judgment. *Hetzel*, 50 F.3d at 362 n.3.

## III. DISCUSSION

The FTCA limits the amount recoverable for claims brought under it to the amount of the administrative claim except where the increased amount is justified by newly discovered evidence. 28 U.S.C. § 2675(b); *see also Low v. United States*, 795 F.2d 466, 469 (5th Cir. 1986).

The Fifth Circuit has established a two-step test to establish an FTCA claim for an amount above the administrative claim. *Dickerson v. United States*, 280 F.3d 470, 475-75 (5th Cir. 2002). First, the plaintiff must show that the new facts establishing a higher amount could not have been discovered at the time of the administrative complaint. *Id.* Second, the plaintiff must show that the new facts are newly discovered evidence or intervening facts. *Id.*

Here, there is no higher amount of damages at issue. Plaintiff sued for the exact amount listed in his administrative complaint. As such, there are no new facts establishing a higher amount. The complaint lists no specific injuries not listed in the administrative complaint.[8] There is nothing in the record that would support a claim for an amount greater than $75,000. Because the non-moving party could point to nothing in the record to support a higher claim, summary judgment is appropriate here. *See Stahl v.*

---

[8]   *Compare* R. Doc. 1, at 4 *with* R. Doc. 22-4, at 2.

*Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002).  Therefore, the Court grants summary judgment to the United States on the amount of damages.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS the United States' motion for partial summary judgment and caps Kelly's recovery of damages at trial to no more than $75,000, exclusive of any costs or post-judgment interest.

New Orleans, Louisiana, this 6th day of October, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE